BARRY, Judge.
During the pendency of separation proceedings between John and Mary Baltz, the District Court ordered Mr. Baltz to pay child support for his three minor children of $300.00 a month based upon his gross income of $1,250.00 per month.[1] When Mrs. Baltz secured a divorce in September, 1978 the $300.00 monthly child support was continued.
On March 21, 1979 Mrs. Baltz filed a rule to increase child support based upon a change of circumstances, i. e., additional money earned by Mr. Baltz. In May, 1979 the trial judge ordered the $300.00 child support increased to $473.00 per month. This 58% increase was predicated upon Mr. Baltz’s gross income of $2,557.00 per month.
*102 On July 26, 1979 Mr. Baltz filed a rule to reduce the child support payments alleging a change of circumstances, i. e., his reduced monthly gross income. He filed an affidavit seeking an expedited hearing alleging that he no longer was earning overtime pay and he was unable to pay the increased amount of child support. Up to that time Mr. Baltz had timely paid all child support during the preceding three years.
Approximately three weeks after Mr. Baltz filed for the decrease his wife filed a motion for contempt because he was $136.50 in arrears and she requested the past due amount be made executory and she be awarded attorney fees.
The District Court heard the motions on September 18, 1979 and dismissed Mr. Baltz’s motion to reduce. The court found him in contempt for nonpayment, past due child support of $471.00 was made executo-ry, and $150.00 was awarded to Mrs. Baltz for attorney fees.
We have no doubt the trial judge was justified when he ordered payments increased in May, 1979. Mr. Baltz testified his higher income occurred as a result of an unusual amount of overtime earned during the first three months of 1979. However, two months later when he filed for a decrease because the overtime ceased his wages were still appreciably higher than three years earlier.
At the time the motion to reduce child support was filed Mr. Baltz’s monthly gross was $1,651.00. Counsel for Mr. Baltz advised this court on appeal that his client had received an 8% raise making his current monthly gross approximately $1,800.00.
Was the trial judge justified in refusing to reduce payments when appellant’s income dropped basically due to elimination of overtime pay?
In 1976 a gross salary of $1,250.00 was the basis to establish support of $300.00. In 1979 the father’s income of $2,557.00 could have easily justified the trial judge setting monthly payments of $600.00 or higher. Mr. Baltz’s current monthly earnings of $1,800.00 is 44% higher than his 1976 earnings. We are also aware that his children are older and their needs are greater.
Our obligation is to consider the parent’s ability to pay child support coupled with the best interests of the children. A reversal of the lower court is justified only if we find an abuse of discretion. Canter v. Koehring, 283 So.2d 716 (La., 1973); Arceneaux v. Dominque, 365 So.2d 1330 (La., 1978). The trial judge is in the best position to weigh the facts and evaluate the parties. We find no abuse of discretion.
Accordingly, the judgment of the District Court is affirmed with appellant to pay all costs of this appeal.

AFFIRMED.

. The children were 6, 4 and 1 year old when child support was first set in October, 1976.